**WEILAND GOLDEN GOODRICH LLP**
Jeffrey I. Golden, State Bar No. 133040
Faye C. Rasch, State Bar No. 253838
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Telephone    714-966-1000
Facsimile    714-966-1002

Attorneys for Chapter 7 Trustee
Weneta M.A. Kosmala

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re<br><br>DENNY ROY STEELMAN,<br><br>Debtor. | Case No. 8:16-bk-14227-ES<br><br>Chapter 7<br><br>**CHAPTER 7 TRUSTEE'S MOTION FOR ORDER APPROVING SETTLEMENT BETWEEN CHAPTER 7 TRUSTEE AND NATIONWIDE LIFE INSURANCE COMPANY AND NATIONWIDE LIFE AND ANNUITY COMPANY; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF WENETA M.A. KOSMALA IN SUPPORT THEREOF**<br><br>[No Hearing Required Unless Requested] |

**TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE; THE DEBTOR AND HIS COUNSEL OF RECORD, AND ALL PARTIES ENTITLED TO NOTICE:**

Weneta M.A. Kosmala, Chapter 7 trustee ("Trustee") of the bankruptcy estate ("Estate") of the above-captioned debtor ("Debtor"), respectfully requests an order authorizing the Trustee to approve a stipulation between the Trustee and Nationwide Life Insurance Company and Nationwide Life and Annuity company (collectively "Nationwide"). The Trustee has agreed to dismiss the claims pending against Nationwide in the adversary action pending as case number

8:18-ap-01042-ES ("Complaint"). In exchange, Nationwide has agreed that each party shall bear its own attorney's fees and costs incurred in connection with the Complaint.

This Motion is brought in accordance with Federal Rule of Bankruptcy Procedure 9019(a) and Local Bankruptcy Rule 9013-1(o)(1), and is made on the grounds that Trustee has determined that it is in the best interests of the Estate to settle with Nationwide on the terms set forth in the following Memorandum of Points and Authorities.

This Motion is based on the attached Memorandum of Points and Authorities, the supporting declaration, and exhibit(s) attached hereto.

**WHEREFORE,** the Trustee respectfully requests that the Court enter an order:

1. Approving the Stipulation which is attached hereto as **Exhibit 1**; and
2. Granting such other relief as the Court deems just and proper.

Dated: October 11, 2018　　　　　　　　　WEILAND GOLDEN GOODRICH LLP

　　　　　　　　　　　　　　　　　　　　By: /s/ Faye C. Rasch
　　　　　　　　　　　　　　　　　　　　Faye C. Rasch
　　　　　　　　　　　　　　　　　　　　Attorneys for Chapter 7 Trustee
　　　　　　　　　　　　　　　　　　　　Weneta M.A. Kosmala

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS

On October 13, 2016, the Debtor filed a voluntary petition under Chapter 7 of the United States Code. Thereafter, Weneta M.A. Kosmala was appointed as Chapter 7 trustee of the Estate.

In his schedule C, the Debtor listed as exempt a "Private Retirement Trust" having a value of $1,385,805. The name of the Private Retirement Trust is the Retirement Wealth Management, LLC Private Retirement Trust Plan ("PRT" or "Private Retirement Trust").

The Debtor funded the PRT with four (4) cash deposits from his Union Bank Checking Account as follows: (i) December 28, 2015 – $500.00, (ii) January 4, 2016 – $875,000, (iii) March 21, 2016 – $195,000 and (iv) March 21, 2016 – $287,586.15, for a total of $1,358,086.15 (collectively the "Transfers").

The Trustee contends that shortly after its creation, on or about March 16, 2016, the PRT made a loan to "Denny R. Steelman, Trustee of the Survivor's Trust under the 2010 Steelman Inter Vivos Trust dated August 10, 2010 in the amount of $815,000 ("PRT Loan") which the Debtor used to purchase the real property commonly known as 26422 Lombardy Road, Mission Viejo, California 92692 ("Lombardy Property") and to purchase an annuity (the "Nationwide Annuity") in the amount of $523,714.19, which was a product issued by either Nationwide Life Insurance Company or Nationwide Life and Annuity Company.

On February 21, 2018, the Trustee filed the Complaint seeking to return the Transfers to the Estate and naming Nationwide as a defendant. After the Debtor's death, demand was made upon Nationwide to payout the Nationwide Annuity to the bank account of the PRT. Nationwide contends that it acted in compliance with the terms of its contact and that there was no wrongdoing.

After conducting an investigation into Nationwide's responses, the Trustee has determined that there is no benefit to the Estate in pursuing the claims against Nationwide and accordingly seeks to dismiss them from the Complaint.

## II.

## ARGUMENT

**A. Standard**

FRBP 9019(a) provides:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States Trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

The standard to be applied to the approval of a settlement includes the probability of success of any litigation, the difficulties in collection on a judgment, the complexity of the matter, the expense, inconvenience or delay occasioned by resolution through litigation, and interests of creditors, and the reasonableness of the compromise. *See In re A&C Properties,* 784 F.2d 1377, 1380–81 (9th Cir. 1986), *cert. den., Martin v. Robinson,* 479 U.S. 854, 107 S.Ct. 189 (1989). Although the Court is to consider the range of results in litigation, "the court's assessment does not require resolution of the issues, but only their identification, so that the reasonableness of the settlement may be evaluated." *In re Hermitage Inn, Inc.,* 66 B.R. 71, 72 (Bankr. D. Colo. 1986).

In ruling on a proposed compromise, a bankruptcy court should give substantial weight to the trustee's views as to the merits of the compromise and settlement, and should not substitute its own judgment for that of the trustee. *See In re Blair*, 538 F.2d 849, 851 (9th Cir. 1976); *see also In re Calra Leather, Inc.*, 44 B.R. 457, 466 (Bankr. S.D.N.Y. 1984). Nor does the Court need to conduct an extensive investigation into the merits of the claims that the parties seek to settle. *See In re Walsh Const., Inc.*, 669 F.2d 1325, 1328 (9th Cir. 1982). Rather, the Court should "canvass the issues and see whether the settlement 'fall[s] below the lowest point in the range of reasonableness.'" *In re W.T. Grant*, 699 F.2d 599, 608 (2nd Cir. 1982); *see also In re Bell & Beckwith*, 87 B.R. 472, 474 (N.D. Ohio 1987).

The Trustee has determined that the Estate will not prevail in its claims against Nationwide. Because the Trustee will not likely prevail in connection with the Complaint against Nationwide, dismissal is warranted. This factor weighs in favor of approving the Stipulation.

**The Stipulation is Fair and Reasonable and in the Best Interest of the Estate and Creditors.**

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

The Trustee believes the proposed settlement is in the best interest of the Estate and its creditors. The proposed settlement is fair and reasonable and a valid exercise of the Trustee's reasonable business judgment. Further, the compromise was entered into in good faith and was negotiated at arms' length. Accordingly, the Trustee requests that the Bankruptcy Court enter an order pursuant to Bankruptcy Rule 9019 authorizing the Trustee to enter into the Stipulation and approving the terms of the compromise as agreed upon by the Parties.

**Approval of the Motion is Appropriate Under the Local Rules.**

Local Bankruptcy Rule 9013-1(g)(1) provides that:

> Except as to matters specifically noted in paragraph (g)(2) below, and as otherwise ordered by the court, any matter which may be set for hearing in accordance with Local Bankruptcy Rule 9013-1 may be determined upon notice of opportunity to request a hearing. . .

The Trustee believes that the no-hearing procedure established by Local Bankruptcy Rule 9013-1(o) is appropriate in this case since: (1) it provides notice and opportunity for a hearing to all creditors and parties entitled to notice, (2) it reduces the costs to the Estate by alleviating the need for an appearance in court, and (3) the Trustee does not anticipate any opposition to this Motion.

## III.
## CONCLUSION

For the reasons set forth above, the Trustee respectfully requests that the Court enter an order:

1. Approving the Stipulation which is attached hereto as **Exhibit 1**; and
2. Granting such other relief as the Court deems just and proper.

Dated: October 11, 2018                             WEILAND GOLDEN GOODRICH LLP

By: */s/ Faye C. Rasch*
Faye C. Rasch
Attorneys for Chapter 7 Trustee
Weneta M.A. Kosmala

1189731v1                                   5                                   MOTION

## DECLARATION OF WENETA M.A. KOSMALA[1]

I, Weneta M.A. Kosmala, declare:

1. I am the duly appointed, qualified and acting Chapter 7 Trustee of the bankruptcy estate ("Estate") of the Debtor Denny Roy Steelman ("Debtor"). I am an individual over the age of eighteen, and I am the duly appointed, qualified and acting Chapter 7 trustee of the bankruptcy estate of the Debtor. Unless otherwise stated, the facts set forth in this declaration are personally known to me and if called as a witness, I could and would competently testify thereto.

2. I conducted an investigation into the response by Nationwide to the allegations in the Complaint and I have determined continuing to pursue Nationwide in not in the Estate's interest.

3. A true and copy of the Stipulation is attached hereto as **Exhibit 1**.

4. I believe that it is in the best interest of the Estate approve the Stipulation.

5. I conducted an investigation into the response by Nationwide to the allegations in the Complaint and I have determined continuing to pursue Nationwide in not in the Estate's interest.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 10th day of October, 2018, at Costa Mesa, California.

_____
Weneta M.A. Kosmala
Chapter 7 Trustee

---

[1] Capitalized terms herein have the same meaning or definition as capitalized terms in the Motion.

# EXHIBIT 1

```
DANIEL M. ANDERSON (CA Bar No. 167652)
JOHN C. CANNIZZARO (CA Bar No. 305047)
ICE MILLER LLP
250 West Street, Suite 700
Columbus, OH  43215
Telephone: (614) 462-5013
Facsimile: (614) 224-3126
Attorneys for NATIONWIDE LIFE INSURANCE
COMPANY, NATIONWIDE LIFE AND
ANNUITY COMPANY
```

# UNITED STATES BANKRUPTCY COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>DENNY ROY STEELMAN,<br><br>Debtor.<br>——————————————<br>WENETA M.A. KOSMALA, Chapter 7 Trustee of the Estate of Denny Roy Steelman,<br><br>Plaintiff,<br><br>vs.<br><br>KEVIN LIEBECK, as executor of the Estate of Denny Roy Steelman, et al.,<br><br>Defendants. | Case No. 8:16-bk-14227-ES<br><br>Chapter 7<br><br>Adv. Proc. No. 8:18-ap-01042-ES<br><br>**STIPULATION OF VOLUNTARY DISMISSAL OF DEFENDANTS NATIONWIDE LIFE INSURANCE COMPANY AND NATIONWIDE LIFE AND ANNUITY COMPANY** |

Plaintiff Weneta Kosmala, Chapter 7 Trustee of the bankruptcy estate of Denny Roy Steelman; Defendants Nationwide Life Insurance Company and Nationwide Life and Annuity Company (the "Nationwide Defendants"); and Defendants Mark Ziebold, Kevin Liebeck, Shaunah Steelman, and Jodi Steelman hereby state as follows:

1. All parties who have appeared may stipulate to the dismissal of a party without a court order. Fed. R. Civ. Proc. 41(a)(1)(A)(ii); Fed. R. Bankr.

CO\5932800.2                                                 1

EXHIBIT 1    PAGE 7

| | | |
|---|---|---|
| 1 | | Proc. 7041; *Pedrina v. Chun*, 987 F.2d 608, 609 (9th Cir. 1993) (parties |
| 2 | | may stipulate to dismissal of a single defendants under Rule 41(a)(1)). |
| 3 | 2. | Pursuant to Rule 41(a), the undersigned parties hereby stipulate to the |
| 4 | | dismissal of the Nationwide Defendants from this adversary proceeding. |
| 5 | 3. | Such dismissal is with prejudice to the Plaintiff's future assertion of any |
| 6 | | claims against the Nationwide Defendants, or any affiliates thereof, arising |
| 7 | | under Chapter 5 of Title 11 of the United States Code, including, without |
| 8 | | limitation, sections 541, 542, 543, 544, 545, 546, 547, 548, 549, 550, and |
| 9 | | 551, and including, without limitation, the refiling of any claims related to |
| 10 | | the claims asserted in this action against the Nationwide Defendants. |

DATED: October 11, 2018

/s/
THE WILLIAMS FIRM
J. Scott Williams
jwilliams@williamsbkfirm.com
15615 Alton Pkwy, Suite 175
Irvine, CA 92618
Tel: 949-660-8680
Fax: 866-284-8670
*Attorney for Defendant Mark Ziebold*

/s/
Christopher L. Blank
4675 Macarthur Crt Ste 550
Newport Beach, CA 92660
Tel: 949-250-4600
Fax: 949-250-4604
chris@chrisblanklaw.com
*Attorney for Defendants Kevin Liebeck, Shaunah Steelman, and Jodi Steelman*

/s/ Jeffrey I. Golden
WEILAND GOLDEN GOODRICH LLP
Jeffrey I. Golden
jgolden@wgllp.com
Reem J. Bello
rbello@wgllp.com
Faye C. Rasch
frasch@wgllp.com
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel: 714-966-1000
Fax: 714-966-1002
*Attorneys for Plaintiff Weneta Kosmala*

/s/
ICE MILLER LLP
Daniel M. Anderson
daniel.anderson@icemiller.com
John C. Cannizzaro
john.cannizzaro@icemiller.com
250 West Street, Suite 700
Columbus, OH 43215
Telephone: (614) 462-5013
Facsimile: (614) 224-3126
*Attorneys for the Nationwide Defendants*

CO\5932800.2

2

EXHIBIT 1    PAGE 8

Proc. 7041; *Pedrina v. Chun*, 987 F.2d 608, 609 (9th Cir. 1993) (parties may stipulate to dismissal of a single defendants under Rule 41(a)(1)).

2. Pursuant to Rule 41(a), the undersigned parties hereby stipulate to the dismissal of the Nationwide Defendants from this adversary proceeding.

3. Such dismissal is with prejudice to the Plaintiff's future assertion of any claims against the Nationwide Defendants, or any affiliates thereof, arising under Chapter 5 of Title 11 of the United States Code, including, without limitation, sections 541, 542, 543, 544, 545, 546, 547, 548, 549, 550, and 551, and including, without limitation, the refiling of any claims related to the claims asserted in this action against the Nationwide Defendants.

DATED: October 12, 2018

/s/
THE WILLIAMS FIRM
J. Scott Williams
jwilliams@williamsbkfirm.com
15615 Alton Pkwy, Suite 175
Irvine, CA 92618
Tel: 949-660-8680
Fax: 866-284-8670
*Attorney for Defendant Mark Ziebold*

/s/
Christopher L. Blank
4675 Macarthur Crt Ste 550
Newport Beach, CA 92660
Tel: 949-250-4600
Fax: 949-250-4604
chris@chrisblanklaw.com
*Attorney for Defendants Kevin Liebeck, Shaunah Steelman, and Jodi Steelman*

/s/
WEILAND GOLDEN GOODRICH LLP
Jeffrey I. Golden
jgolden@wgllp.com
Reem J. Bello
rbello@wgllp.com
Faye C. Rasch
frasch@wgllp.com
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel: 714-966-1000
Fax: 714-966-1002
*Attorneys for Plaintiff Weneta Kosmala*

/s/
ICE MILLER LLP
Daniel M. Anderson
daniel.anderson@icemiller.com
John C. Cannizzaro
john.cannizzaro@icemiller.com
250 West Street, Suite 700
Columbus, OH 43215
Telephone: (614) 462-5013
Facsimile: (614) 224-3126
*Attorneys for the Nationwide Defendants*

CO\5932800.2

2

EXHIBIT 1    PAGE 9

Proc. 7041; *Pedrina v. Chun*, 987 F.2d 608, 609 (9th Cir. 1993) (parties may stipulate to dismissal of a single defendants under Rule 41(a)(1)).

2. Pursuant to Rule 41(a), the undersigned parties hereby stipulate to the dismissal of the Nationwide Defendants from this adversary proceeding.

3. Such dismissal is with prejudice to the Plaintiff's future assertion of any claims against the Nationwide Defendants, or any affiliates thereof, arising under Chapter 5 of Title 11 of the United States Code, including, without limitation, sections 541, 542, 543, 544, 545, 546, 547, 548, 549, 550, and 551, and including, without limitation, the refiling of any claims related to the claims asserted in this action against the Nationwide Defendants.

DATED: September 20, 2018

/s/
THE WILLIAMS FIRM
J. Scott Williams
jwilliams@williamsbkfirm.com
15615 Alton Pkwy, Suite 175
Irvine, CA 92618
Tel: 949-660-8680
Fax: 866-284-8670
*Attorney for Defendant Mark Ziebold*

/s/
Christopher L. Blank
4675 Macarthur Crt Ste 550
Newport Beach, CA 92660
Tel: 949-250-4600
Fax: 949-250-4604
chris@chrisblanklaw.com
*Attorney for Defendants Kevin Liebeck, Shaunah Steelman, and Jodi Steelman*

/s/
WEILAND GOLDEN GOODRICH LLP
Jeffrey I. Golden
jgolden@wgllp.com
Reem J. Bello
rbello@wgllp.com
Faye C. Rasch
frasch@wgllp.com
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel: 714-966-1000
Fax: 714-966-1002
*Attorneys for Plaintiff Weneta Kosmala*

/s/
ICE MILLER LLP
Daniel M. Anderson
daniel.anderson@icemiller.com
John C. Cannizzaro
john.cannizzaro@icemiller.com
250 West Street, Suite 700
Columbus, OH 43215
Telephone: (614) 462-5013
Facsimile: (614) 224-3126
*Attorneys for the Nationwide Defendants*

CO\5932800.2

2

EXHIBIT 1    PAGE 10

Proc. 7041; *Pedrina v. Chun*, 987 F.2d 608, 609 (9th Cir. 1993) (parties may stipulate to dismissal of a single defendants under Rule 41(a)(1)).

2. Pursuant to Rule 41(a), the undersigned parties hereby stipulate to the dismissal of the Nationwide Defendants from this adversary proceeding.

3. Such dismissal is with prejudice to the Plaintiff's future assertion of any claims against the Nationwide Defendants, or any affiliates thereof, arising under Chapter 5 of Title 11 of the United States Code, including, without limitation, sections 541, 542, 543, 544, 545, 546, 547, 548, 549, 550, and 551, and including, without limitation, the refiling of any claims related to the claims asserted in this action against the Nationwide Defendants.

DATED: October 16, 2018

/s/
J. SCOTT WILLIAMS
ATTORNEY AT LAW
jwilliams@williamsbkfirm.com
15615 Alton Pkwy, Suite 175
Irvine, CA 92618
Tel: 949-660-8680
Fax: 866-284-8670
*Attorney for Defendant Mark Ziebold*

/s/
Christopher L. Blank
4675 Macarthur Crt Ste 550
Newport Beach, CA 92660
Tel: 949-250-4600
Fax: 949-250-4604
chris@chrisblanklaw.com
*Attorney for Defendants Kevin Liebeck, Shaunah Steelman, and Jodi Steelman*

/s/
WEILAND GOLDEN GOODRICH LLP
Jeffrey I. Golden
jgolden@wgllp.com
Reem J. Bello
rbello@wgllp.com
Faye C. Rasch
frasch@wgllp.com
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel: 714-966-1000
Fax: 714-966-1002
*Attorneys for Plaintiff Weneta Kosmala*

/s/
ICE MILLER LLP
Daniel M. Anderson
daniel.anderson@icemiller.com
John C. Cannizzaro
john.cannizzaro@icemiller.com
250 West Street, Suite 700
Columbus, OH 43215
Telephone: (614) 462-5013
Facsimile: (614) 224-3126
*Attorneys for the Nationwide Defendants*

CO\5932800.2

2

EXHIBIT 1    PAGE 11

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon all the following counsel of record by email on September 18, 2018:

| | |
|---|---|
| THE WILLIAMS FIRM<br>J. Scott Williams<br>jwilliams@williamsbkfirm.com<br>15615 Alton Pkwy, Suite 175<br>Irvine, CA 92618<br>Tel: 949-660-8680<br>Fax: 866-284-8670<br>*Attorney for Defendant Mark Ziebold*<br><br>Christopher L. Blank<br>4675 Macarthur Crt Ste 550<br>Newport Beach, CA 92660<br>Tel: 949-250-4600<br>Fax: 949-250-4604<br>chris@chrisblanklaw.com<br>*Attorney for Defendants Kevin Liebeck,*<br>*Shaunah Steelman, and Jodi Steelman* | WEILAND GOLDEN GOODRICH LLP<br>Jeffrey I. Golden<br>jgolden@wgllp.com<br>Reem J. Bello<br>rbello@wgllp.com<br>Faye C. Rasch<br>frasch@wgllp.com<br>650 Town Center Drive, Suite 950<br>Costa Mesa, California 92626<br>Tel: 714-966-1000<br>Fax: 714-966-1002<br>*Attorneys for Plaintiff Weneta Kosmala* |

By: /s/ *John C. Cannizzaro*
John C. Cannizzaro

CO\5932800.2         3

EXHIBIT 1    PAGE 12

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**650 Town Center Drive, Suite 600**
**Costa Mesa, California 92626**

A true and correct copy of the foregoing document entitled (*specify*): <u>Chapter 7 Trustee's Motion for Order Approving Settlement Between Chapter 7 Trustee and Nationwide Life Insurance Company and Nationwide Life and Annuity Company; Memorandum of Points and Authorities; and Declaration of Weneta M.A. Kosmala in Support Thereof</u>
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) <u>October 18, 2018</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) <u>October 18, 2018</u>, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) <u>October 18, 2018</u>, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**Served by Personal Delivery**
Honorable Erithe A. Smith
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5040 / Courtroom 5A
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/18/2018 | Victoria Rosales | *victoria* (signature) |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                             **F 9013-3.1.PROOF.SERVICE**

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Daniel M Anderson daniel.anderson@icemiller.com, sandy.heaberlin@icemiller.com
Reem J Bello rbello@wgllp.com, kadele@wgllp.com;vrosales@wgllp.com;cyoshonis@wgllp.com;cbmeeker@gmail.com
Christopher L Blank chris@chrisblanklaw.com
Lynn Brown notices@becket-lee.com
John C Cannizzaro john.cannizzaro@icemiller.com, deborah.martin@icemiller.com
Jeffrey I Golden jgolden@wgllp.com, kadele@wgllp.com;vrosales@lwgfllp.com;cbmeeker@gmail.com
Weneta M Kosmala (TR) ecf.alert+Kosmala@titlexi.com,
wkosmala@txitrustee.com;dmf@txitrustee.com;kgeorge@kosmalalaw.com
J Paul Moorhead moorhead@luch.com, gina@luch.com;kimberley@luch.com
Faye C Rasch frasch@wgllp.com, kadele@wgllp.com;tziemann@wgllp.com
Valerie Smith claims@recoverycorp.com
United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov
J Scott Williams jwilliams@williamsbkfirm.com, g24493@notify.cincompass.com
William E Winfield wwinfield@rstlegal.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**